UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAMORRIS DENTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: |
| ) | |
| THE WRIGHT GROUP, INC. ) | |
| d/b/a ZAO ISLAND, ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT

Comes now Plaintiff, LAMORRIS DENTON, hereinafter referred to as "DENTON," by counsel, Nicholas A. Snow of HARRIS LAW FIRM, P.C., and for his cause of action against Defendants, complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Sections 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States.

2. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because the events that give rise to DENTON's claims took place in and the parties reside or have their primary place of business within the Hammond Division of the Northern District of Indiana, to-wit: Lake and Porter Counties, State of Indiana.

## GENERAL ALLEGATIONS

3. DENTON is an individual with a disability as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*

4. DENTON's disability is such that he has lost the use of his legs and some measure of control over his bodily functions, as he is paralyzed from the waist down.

5. DENTON's disability necessitates the use of a wheelchair for transportation, and limits his ability to make use of certain facilities which are not accessible to disabled persons.

6. On or about November 30, 2013, DENTON attended a birthday party for his teenage daughter at ZAO ISLAND, a business located at 1050 Horseprairie Avenue, City of Valparaiso, County of Porter, State of Indiana, and operated by Defendant, THE WRIGHT GROUP, INC (hereinafter, "WRIGHT GROUP").

7. Upon arrival at ZAO ISLAND, DENTON experienced and noted several areas in which the facility was non-compliant with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), including but not limited to the following:

   a. A parking lot consisting entirely of unstable gravel and lacking marked accessible parking spaces as required by ADAAG §4.6;

   b. A route to the facility's party room which failed to meet the slope, width, and turning radius guidelines set forth in ADAAG §4.4;

   c. A lack of handicapped-accessible seating in the facility's party room, as required by ADAAG §5;

   d. A restroom lacking a toilet stall that was equipped with grab bars and/or otherwise compliant with the space and configuration requirements of ADAAG §4.17; and

   e. A protruding object (namely, a HVAC register) which reduced the width of the entry to the toilet stall to the point of DENTON being unable to enter the stall, which fails to comply with ADAAG §4.4.

8. As a result of ZAO ISLAND's lack of compliance with ADAAG, DENTON required assistance from family members to ascend the ramp to the facility's party room.

9. As a result of ZAO ISLAND's lack of compliance with ADAAG, DENTON was embarrassed and inconvenienced by having to locate himself in such a manner as to block an aisle in the facility's party room, due to the lack of accessible seating.

10. As a result of ZAO ISLAND's lack of compliance with ADAAG, DENTON was unable to enter or access the toilet facilities, and, as a result of his physical limitations, urinated and/or defecated on himself, which resulted in severe physical discomfort, humiliation and embarrassment.

11. DENTON communicated his concerns to an employee of ZAO ISLAND on the date in question, who apologized but took no further steps to rectify the situation.

12. DENTON has also communicated his concerns to Don Wright, principal of WRIGHT GROUP, who expressed an unwillingness to provide redress for DENTON's injuries and a similar unwillingness to bring ZAO ISLAND into compliance with ADAAG.

13. DENTON would likely to return to ZAO ISLAND in the future, for other family parties and/or events and to spend time with his daughter, but for the facility's lack of compliance with ADAAG which will prevent him from doing so.

## COUNT I: DISCRIMINATION WITH REGARD TO PUBLIC ACCOMMODATION

14. DENTON readopts, realleges, and incorporates all statements and allegations made in Paragraphs one (1) through thirteen (13) of his Complaint into this Count I.

15. The failure of WRIGHT GROUP to operate ZAO ISLAND in such a manner as to be compliant with ADAAG is a violation of Title III of the Americans with Disabilities Act, 42

U.S.C. §12182 *et seq.*, which provides as follows: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

16. As a result of this violation of the Americans with Disabilities Act by WRIGHT GROUP and ZAO ISLAND, DENTON has suffered injury, including but not limited to extreme humiliation and embarrassment and physical discomfort, and is also prevented from accessing the facility in the future.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

17. DENTON readopts, realleges, and incorporates all statements and allegations made in Paragraphs one (1) through sixteen (16) of his Complaint into this Count II.

18. As a direct and proximate result of the Defendants' improper and illegal activity as described herein, DENTON has suffered severe emotional distress from the mistreatment and unlawful behavior of the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, DENTON, respectfully requests that this Court:

a. Issue a declaratory judgment that the challenged actions of the Defendant violated his rights as stated in Paragraphs One through Sixteen, above;

b. Issue an injunction to prevent further violations of DENTON's rights and/or denial of access to the ZAO ISLAND facility;

c. Award compensatory, liquidated, and/or punitive damages in order to provide redress for

the harm suffered by DENTON, in an amount to be determined at trial;

d. Order prejudgment interest on all sums recoverable;

e. Award the DENTON costs and reasonable attorney's fees pursuant to statute; and

f. Grant all other relief which it deems just and proper in this circumstance.

Respectfully Submitted,

**HARRIS LAW FIRM, P.C.**

By: _____
NICHOLAS A. SNOW, #25391-64
Attorney for Plaintiff
HARRIS LAW FIRM P.C.
11051 Broadway, Suite C2
Crown Point, IN 46307
Tel: (219) 661-1110
Fax: (219) 661-1118
Email: nick@harrislawfirmpc.net

## VERIFICATION

I affirm and verify, under pains and penalties of perjury, that the foregoing representations and allegations contained within this Complaint are true and accurate and based on my personal knowledge and experience.

_____
LaMorris Denton,
Plaintiff

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure, Rule 38(b), Plaintiff demands trial by jury for all of the issues pled so triable.

Respectfully submitted,

**HARRIS LAW FIRM, P.C.**

By: *[signature]*

NICHOLAS A. SNOW, #25391-64
Attorney for Plaintiff
HARRIS LAW FIRM, P.C.
11051 Broadway, Suite C2
Crown Point, IN 46307
Tel: (219) 661-1110
Fax: (219) 661-1118
Email: nick@harrislawfirmpc.net